IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(HONORABLE ROYCE C. LAMBERTH)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:24-cr-00057-RCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THEO HANSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Unopposed Motion to Continue Arraignment and Trial**

THEO HANSON, by and through his attorney of record, Nicole Owens for the Federal Defender Services of Idaho, respectfully requests that the Court grant a continuance of the currently scheduled arraignment of August 20, 2024, and the trial date of October 7, 2024, due to Mr. Hanson's medical incapacitation.

(1)    Mr. Hanson was hurt in a serious construction accident on Thursday, August 8, 2024. During work, a ten-foot-tall brick and concrete wall fell on-top of him. He was entirely buried under the debris of the wall for close to an hour before a team of five people were able to pull off the large slabs of concrete and brick to free him. The accident occurred in Tulsa, Oklahoma,

where he was transported to a local hospital.

(2)    As a result of this accident, Mr. Hanson broke his pelvis in multiple locations. He required surgery to insert a titanium pin to hold his pelvis together. He is still in the hospital receiving post-surgical care and his release date is unknown. *See* Ex. A – Medical Provider Letter.

(3)    The accident also caused other injuries. He broke both his left shoulder, arm, and a toe. He has several bruised ribs and is having trouble breathing without assistance—his respiratory compromise requires recurrent airway management and oxygen therapy.

(4)    Unfortunately, Mr. Hanson's recovery has not progressed smoothly. Mr. Hanson recently became unable to breath on his own and was



returned to the Intensive Care Unit on August 18, 2024.

(5)     Mr. Hanson is either in extreme pain or under the influence of significant pain medications that make him drowsy and impact his alertness and ability to concentrate. His medical providers note that his cognitive function is significantly impaired. His condition compromises his ability to communicate because he is unable to engage in extended conversations or respond in an appropriate time.

(6)     At this time, and for the foreseeable future, Mr. Hanson's physical status will not allow him to travel. His recovery will take extended care and rehabilitation. Typically, this type of physical trauma takes months for recovery. Once Mr. Hanson is stable, his medical providers hope to discharge him from the hospital and transport him by ambulance to a full care rehabilitation facility. Mr. Hanson will need to remain in a full care rehabilitation facility until he becomes ambulatory and can control pain management. His providers estimate that Mr. Hanson will need to reside in rehabilitation care for three months, although the actual length of rehabilitation remains unclear.

(7)     Counsel has not been able to speak directly with Mr. Hanson since his accident ten days ago. Instead, Counsel has communicated with Mr. Hanson's wife, Kimmberly Hanson, and the hospital social worker. Counsel has requested Mr. Hanson's medical records and upon receipt will provide

them to the Court.

(8)     Counsel is unable to consult with Mr. Hanson in anticipation of his October 7 trial. This lack of communication is concerning because the government recently filed a Superseding Indictment, which counsel has been unable to thoroughly assess with Mr. Hanson after his debilitating injury. Dkt. No. 34. This lack of communication is also concerning because counsel needs to work closely with Mr. Hanson during the seven weeks before trial to prepare for witness interviews, review evidence, and align on a trial defense—because of Mr. Hanson's incapacitation, he and counsel are currently unable to effectively prepare for trial.

(9)     This court denied Mr. Hanson's previous request for a continuance of trial on July 22, 2024. Dkt. No. 29. However, Mr. Hanson's injuries after his work accident on August 8, 2024, are a meaningful change in circumstances since that prior request.

(10)     This Court should grant Mr. Hanson's renewed request for a continuance for three reasons. ***First***, rushing to trial jeopardizes Mr. Hanson's Sixth Amendment right to assistance of counsel, which includes a reasonable opportunity to prepare for trial. *See United States v. DeCoster*, 487 F.2d 1197, 1201 (1973); *United States v. Hinton*, 631 F.2d 769, 780 (1980) ("Where counsel's choices are uninformed because of inadequate preparation . . . a defendant has been denied his right to the effective assistance of counsel

guaranteed by the Constitution."). ***Second***, an October trial risks sending Mr. Hanson to court when he is not physically competent to participate in his own defense. *United States v. Schaffer*, 433 F.2d 928, 930 (5th Cir. 1970) (collecting cases) ("Courts have recognized that a defendant who is 'mentally competent' within the meaning of 18 U.S.C. § 4244 et seq. may yet be 'physically incompetent'—unable, by virtue (for example) of a painful physical condition or the temporary effects of narcotics, to participate effectively in his own defense."). ***Third***, this request is in good faith, for the sake of Mr. Hanson's serious medical condition, and not for the purpose of delay.

(11)   For these reasons, counsel respectfully requests the Court grant a continuance of the currently scheduled arraignment for approximately three weeks and proposes using the August 20 hearing date as a status conference without Mr. Hanson's presence. Given the uncertainty of Mr. Hanson's status, counsel anticipates a 4–6-month continuance of the currently scheduled trial will be necessary.  However, counsel proposes waiting until Mr. Hanson is stable, and his outcome is certain before scheduling a new trial date.  Instead, we ask that a status conference be scheduled for October 4, 2024.

(12)   Counsel has discussed this request with government counsel, who

does not oppose this request.

Dated: August 19, 2024                    Respectfully submitted,
                                          NICOLE OWENS
                                          FEDERAL PUBLIC DEFENDER
                                          By:

                                          /s/ Nicole Owens
                                          Nicole Owens
                                          Federal Defender
                                          Federal Defender Services of Idaho
                                          Attorneys for Defendant
                                          THEO HANSON

CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document, UNOPPOSED MOTION TO CONTINUE TRIAL, was served on all parties named below on this 19th day of August, 2024.

| | |
|---|---|
| Anthony W. Mariano, Assistant U.S. Attorney | _____ Hand Delivery |
| Office of the United States Attorney | _____ United States Mail |
| 601 D. Street NW | __X__ CM/ECF Filing |
| Washington, D.C. 20530 | _____ Email Transmission |
| Anthony.Mariano2@usdoj.gov | |

Dated: August 19, 2024          /s/ Lisa Shaw
                                Lisa Shaw